IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DEJA JOI BREWSTER,**

   *Plaintiff*,

  v.             **Civil No.: 1:26-cv-01088-JRR**

**MARYLAND DEPARTMENT OF
VETERANS AND MILITARY FAMILIES,**

   *Defendant*.

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion to Remand to State Court.  (ECF No. 5; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

## I. Background

Plaintiff initiated this action with the filing of her complaint in the Circuit Court for Anne Arundel County, Maryland on March 4, 2026.  (ECF No. 1-2.)  She amended her complaint for the first time two days later, on March 6, 2026.[1]  *Id.*  She then amended her complaint for the second time four days later, on March 10, 2026.  (ECF No. 7-1.)  Finally, Plaintiff amended her complaint a third time, on March 12, 2026.  *Id.*  That amended complaint—the Second Amended Complaint—is now operative.  (ECF No. 6.)  The Second Amended Complaint names the Maryland Department of Veterans and Military Families as Defendant and asserts claims of race and sex discrimination, retaliation, and hostile work environment in violation of the Maryland Fair Employment Practices Act ("MFEPA") and Title VII of the Civil Rights Act of 1964, as amended

---

[1] Neither party seems to acknowledge Plaintiff's amendment on March 6, 2026.  As the state court docket reflects it, the court references it here.  (ECF No. 1-2.)

("Title VII") (Counts I–III), retaliation in violation of MFEPA and the Americans with Disabilities Act ("ADA") (Count IV), pay discrimination in violation of the Maryland Equal Pay for Equal Work Act ("MEPA") and Title VII (Count V), "whistleblower retaliation" in violation of MEPA (Count VI), and "procedural irregularities as evidence of pretext and retaliatory motive" seemingly in violation of Executive Order 01.01.2007.16 (Count VII). *Id.* ¶¶ 52–78. Among her allegations in the Second Amended Complaint, Plaintiff asserts: "This [state court] has concurrent jurisdiction over Plaintiff's federal claims under Title VII, 42 U.S.C. § 2000e et seq., and the ADA, 42 U.S.C. § 12203. Plaintiff has elected to pursue these claims in state court." *Id.* ¶ 6.

On March 13, 2026, Defendant removed the action from the Circuit Court for Anne Arundel County to this court. (ECF No. 1.) Attached to Defendant's notice of removal, Defendant included a civil cover sheet (ECF No. 1-1), a copy of the state court docket sheet (ECF No. 1-2), the writ of summons (ECF No. 1-3 at pp. 1–3), and Plaintiff's Amended Complaint from March 10, 2026 (ECF No. 1-3 at pp. 4–15). Accordingly, Defendant's notice of removal did not include the Plaintiff's operative Second Amended Complaint that was filed on March 12, 2026. The Second Amended Complaint was filed in this court on March 16, 2026. (ECF No. 6.) That same day, Plaintiff filed the instant Motion.[2] (ECF No. 5.)

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), a party may remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court."

---

[2] Pursuant to Local Rule 102.1(c), Plaintiff attached a certificate of service to the instant Motion. Plaintiff's proffered certificate of service, however, is signed by a non-party (seemingly Plaintiff's husband). (ECF No. 5 at p. 6.) The court commends to Plaintiff's attention the requirements of Local Rule 102.1, including that Plaintiff herself (or her counsel, should she retain one) sign all documents filed with the court, including certificates of service.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).  "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).  "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

## III.    Analysis

Pursuant to 28 U.S.C. § 1331, Defendant removed this case on the basis that this court has original jurisdiction over Plaintiff's federal claims.  (ECF No. 1 ¶ 7.)  Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Further, 28 U.S.C. § 1367 addresses this court's supplemental jurisdiction:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Section 1367 further permits the court to "decline to exercise supplemental jurisdiction over a claim," if, relevant here, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  *Id.* § 1367(c).  A district court "has inherent power to . . . in cases removed from State court, to remand, provided the conditions

3

set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson*

*v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).  In exercising discretion as to whether

to remand a case, the court "should consider 'principles of economy, convenience, fairness, and

comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'"

*Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

At issue here:

> A defendant or defendants desiring to remove any civil action from
> a State court shall file in the district court of the United States for
> the district and division within which such action is pending a notice
> of removal signed pursuant to Rule 11 of the Federal Rules of Civil
> Procedure and containing a short and plain statement of the grounds
> for removal, together with a copy of all process, pleadings, and
> orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  That notice of removal, upon the circumstances here, "shall be filed within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based."  *Id.* §

1446(b)(1).

First, Plaintiff argues the court should remand this action to the state court because of

procedural deficiencies in Defendant's notice of removal.  The particular deficiency at issue here

is Defendant's erroneous attachment of the Amended Complaint of March 10, 2026, as opposed

to the Second Amended Complaint filed two days later on March 12, 2026.  (ECF No. 5 at pp. 2–

3.)  Defendant acknowledges this oversight.  (ECF No. 7 at p. 2.)  There is no dispute that

Defendant's removal was timely, *i.e.*, within 30 days of receipt of the initial pleading.  *See* 28

U.S.C. § 1446 (providing "[t]he notice of removal of a civil action or proceeding shall be filed

within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based . .

4

. .")  Further, there is no dispute that both the Amended Complaint and the Second Amended Complaint set forth claims under federal law—and over which this court has original jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).  Where Plaintiff cites no authority to support remand based on a mere clerical error in an otherwise timely and proper removal notice, the court is not persuaded that such error warrants remand.[3]

Second, Plaintiff asserts that she "has the right to file federal employment discrimination claims in state court, and that election is entitled to respect."  (ECF No. 5 at pp. 3–4.)  "Although the plaintiff is generally the 'master of [her] complaint,' . . . the federal removal statute allows a defendant to remove certain claims originally brought in state court into federal court."  *King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (first quoting *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir. 1996); and then citing 28 U.S.C. § 1441); *see Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 484 n.12 (1981) (citing § 1441(b) and noting "[t]he plaintiff may choose the available forum he prefers, and the defendant may remove the case if it could have been brought originally in a federal court").  As discussed herein, Plaintiff does not persuasively argue, nor does the court discern, that this court lacks original jurisdiction over Plaintiff's asserted claims.[4]  *See* 28 U.S.C. § 1441(a) (providing "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").  Accordingly, that Plaintiff may have elected to file in state court, such election does not, absent

---

[3] Plaintiff's concerns about Defendant's mischaracterization of information on the civil cover sheet, which is not a procedural deficiency in removal or a jurisdictional defect, similarly do not persuade the court that remand is warranted.

[4] In this same way, that Defendant may or may not assert a particular affirmative defense in federal court, without more, similarly does not foreclose a defendant's ability to remove a case pursuant to 28 U.S.C. § 1441.

more, foreclose Defendant's entitlement to remove an action, such as this one, that may have been brought originally in federal court.

Finally, Plaintiff contends the court should remand this action pursuant to 28 U.S.C. § 1367(c) because state law issues substantially predominate the action. (ECF No. 5 at p. 4.) As explained by the Supreme Court: "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). In considering whether state law claims predominate, the court may consider whether "the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Maryland Shall Issue, Inc. v. Montgomery Cnty., Maryland*, No. CV TDC-21-1736, 2022 WL 375461, at *3 (D. Md. Feb. 7, 2022) (quoting *Diven v. Amalgamated Transit Union Int'l*, 38 F.3d 598, 602 (D.C. Cir. 1994)); *see Jordan v. Mayor & City Council of Baltimore*, No. CV SAG-23-03413, 2024 WL 2956094, at *3 (D. Md. June 12, 2024) (stating same).

The bulk of Plaintiff's state law claims are MFEPA claims that generally track their federal counterparts. "[C]ourts interpret the MFEPA consistent with its federal corollary, absent 'legislative intent to the contrary." *Doe v. Cath. Relief Servs.*, 484 Md. 640, 680–81 (2023). "Maryland courts have thus applied federal frameworks in evaluating employment discrimination claims under both federal and state discrimination laws." *Mulamba v. Bd. of Educ. of Baltimore Cnty.*, No. 1656, Sept.term, 2023, 2024 WL 5103270, at *4 (Md. Ct. Spec. App. Dec. 13, 2024), *cert. denied,* 490 Md. 288 (2025), and *cert. denied,* 146 S. Ct. 184 (2025). Further, to the extent there are differences in the requisite analyses based on the statutes asserted, such distinctions do not mean that Plaintiff's state law claims are "more complex or require more judicial resources to

6

adjudicate or are more salient in the case as a whole than the federal law claims.'" *Maryland Shall Issue, Inc.*, 2022 WL 375461, at \*3.  Nor do such differences logically support a finding that the state issues differ substantially "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966).  Accordingly, based on the foregoing, Plaintiff fails to demonstrate that remand pursuant to § 1367(c) is proper here.

In view of the foregoing, the court will deny the Motion.

## IV.    Conclusion and Order

For the foregoing reasons, it is this 13th day of April 2026,

**ORDERED** that the Motion to Remand (ECF No. 5) shall be, and is hereby, **DENIED.**

/S/ _____
Julie R. Rubin
United States District Judge